Filed 2/17/16  P. v. Rendon CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEX ROBERT RENDON, JR.,<br><br>    Defendant and Appellant. | B259663<br><br>Los Angeles County<br>Super. Ct. No. VA133176 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert J. Higa, Judge.  Affirmed with directions.

Correen Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Following a jury trial, defendant Alex Robert Rendon, Jr. was convicted of assault with a deadly weapon and sentenced to 15 years in prison. We direct the trial court to correct the abstract of judgment to reflect the oral pronouncement of sentence. In all other respects, we affirm.

## PROCEDURAL BACKGROUND

By information filed April 11, 2014, defendant was charged with two crimes related to the beating of Francisco Orlando Sanchez. Count 1 charged defendant with attempted first-degree murder (Pen. Code,[1] § 664/187, subd. (a)), and alleged defendant personally used a deadly weapon—a pipe (§ 12022, subd. (b)(1)). Court 2 charged defendant with assault with a deadly weapon (§ 245, subd. (a)(1)), and alleged defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)). The information also alleged one strike prior (§ 667, subds. (b)–(i), § 1170.12, subds. (a)--(d)), one serious felony prior (§ 667, subd. (a)(1)), and four prison priors (§ 667.5, subd. (b)).

Defendant pled not guilty and denied the allegations. The trial court bifurcated trial on the prior-conviction allegations. After a trial in which defendant testified in his own defense, a jury found defendant guilty of count 2 (§ 245, subd. (a)(1)) and found its related great bodily injury allegation true (§ 12022.7, subd. (a)). The jury could not reach a verdict on count 1. After the jury was excused, the court dismissed count 1.

Defendant waived jury trial on the prior-conviction allegations. After a court trial, the court found three prior convictions true. The court determined the prosecution had not presented evidence to support the fourth conviction, and found that allegation not true.

The court denied defendant's motion to dismiss the strike priors, and sentenced him to 15 years. The court selected count 2 (§ 245, subd. (a)(1)) as the base term, and sentenced defendant to six years (the middle term of three years, doubled for the strike

---

[1]     All undesignated statutory references are to the Penal Code.

prior).  The court added five years for the serious felony prior (§ 667, subd. (a)), three years for the great bodily injury enhancement (§ 12022.7, subd. (a)), and one year for the prison prior (§ 667.5, subd. (b)), to run consecutive.  The court struck the remaining prison prior.

Defendant filed a timely notice of appeal and we appointed appellate counsel to represent him.

## FACTUAL BACKGROUND

At 3:00 a.m. on December 18, 2013, Francisco Orlando Sanchez and his wife, Elisa Moran de Sanchez (Moran), were watching television in their living room when they heard a knock at the front door.  Sanchez looked through the window, and saw defendant; defendant knocked on other doors on the street, and then returned to Sanchez's home.  Thinking defendant might need help, Sanchez walked out to his front stoop.  Without warning, defendant grabbed Sanchez by the shirt and dragged him to the ground.

Defendant pulled a metal pipe from behind his back and used it to beat Sanchez about the head and arms.  Eventually, Sanchez gained control of the pipe; defendant then beat Sanchez with his fists.  Meanwhile, Moran called 911.  The beating continued until the police arrived.  Defendant was taken into custody without incident.  Sanchez suffered extensive injuries, including bruises to the arms, legs, elbows, and knees; a gash to the head; and a broken arm and finger.  Defendant suffered minor injuries.

At the hospital, Sanchez told authorities that the second time defendant knocked, Sanchez opened the door and threatened to call the police if the knocking did not stop. Defendant confirmed this account, and said he "took the pipe away" from Sanchez, and wielded it in self-defense to keep Sanchez on the ground.  Although defendant was able to answer routine booking questions, he appeared to be under the influence.

Defendant testified in his own defense as follows.  Defendant was a long-time methamphetamine addict, and used enough methamphetamine to keep him awake for days. At the time of the beating, defendant had been awake for nearly a week.  That night, he was in the neighborhood looking for his girlfriend.  After he knocked on a few

3

doors, a man came out and told him to leave. Defendant testified that he was on the second floor of a nearby apartment building, approximately 30 yards away, "looking from above" at this man when the man said he would have someone "remove" defendant from the area. Defendant came down the stairs, saw the man run, and then "got in an argument in the front of the apartment with him." Defendant and the man fought. Though the man brought the pipe to the fight, defendant gained control of it, and used it to hit the man and stop the man from kicking him. Defendant was scared; he was not trying to kill the man.

Forensic psychiatrist Jack Rothberg interviewed defendant, and reviewed the police reports and medical records in the case. Dr. Rothberg testified that defendant was "in a psychotic state" and likely "under the influence of methamphetamine" at the time of the beating.

## DISCUSSION

On October 14, 2015, defendant's appellate counsel filed a brief in which she raised no issues and asked us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) Later that day, we notified defendant that his counsel had failed to find any arguable issues and that he had 30 days to submit by brief or letter any arguments he wished this court to consider. We have not received a response.

We have examined the entire record, and are satisfied appellate counsel has fully complied with her responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *People v. Wende*, *supra*, 25 Cal.3d at p. 443.) However, our review of the record revealed an error in the abstract of judgment.

"An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Accordingly, "[c]ourts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases" (*ibid.*), may order correction of an abstract of judgment that does not accurately reflect the oral

4

pronouncement of sentence (*id.* at pp. 185–188).  The abstract of judgment in this case is inaccurate.  The sentencing court imposed six years for count 2—the middle term of three years, doubled for the strike prior—but the abstract of judgment indicates defendant was sentenced to three years.  We therefore direct the court to correct the abstract of judgment and forward a copy of the corrected abstract to the Department of Corrections and Rehabilitation.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to conform to the oral pronouncement of sentence and forward a copy of the corrected abstract to the California Department of Corrections and Rehabilitation.


## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


LAVIN, J.

WE CONCUR:



EDMON, P. J.



JONES, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.